**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Justin Stein, et al., | No. CV-20-00102-TUC-JCH |
| Plaintiffs, | **PROTECTIVE ORDER** |
| v. | |
| Alyssa Depke, et al., | |
| Defendants. | |

    This matter is before the Court on the parties' Stipulation for Release of Records to Plaintiffs (Doc. 44), which the Court will construe as a Stipulation for Protective Order, filed pursuant to Fed. R. Civ. P. 26(c). The parties seek a protective order—pursuant to the requirements of A.R.S. §§ 8-519, 8-807, 36-509(A)(3), 36-568.01(A)(3), 12-2294(A) and 41-1959, and as permitted under 45 C.F.R. §§ 164.512(e)(l)(i) and 164.504(e)(4), Rule 19 (A)(2), Ariz. Juv. Ct. R. Proc., and Rule 123(b)(2), (d)(1)(C) and (d)(2)(B), Ariz. Sup. Ct. Rules—to authorizing the release of DCS records which encompass investigation, medical, foster care and/or Voluntary Placement Agreement records related to the removals of minor Plaintiffs C.O.S. and L.S.G. at issue in the Second Amended Complaint filed by Plaintiffs. (*See* Doc. 44 at 1.)

    Upon review, the Court finds good cause exists to protect the minor Plaintiffs' confidential information and assist the flow of discovery.

…

Accordingly,

**IT IS ORDERED GRANTING** the Stipulation (Doc. 44).

**IT IS FURTHER ORDERED:**

- authorizing the release of DCS records related to the removals of Plaintiff C.O.S. and the minor L.S.G. at issue in the Second Amended Complaint filed by Plaintiffs Justin Stein, Jacqueline Stein and C.O.S. and Plaintiffs Grace Reid and Kelly Graft including, but not limited to, investigation records, medical, foster care and/or Voluntary Placement Agreement records.

- allowing for the release of confidential files, records and information from any person or entity regarding Plaintiffs and the minors C.O.S. and L.S.G. related to this matter, including, but not limited to, records in the possession of DCS, or any other State or government agency, government-contracted provider of such services, or any other provider whether government contracted, private or otherwise, of such services;

- that such records shall not be used or disclosed to any person or entity not related to this case, that any distribution of the records shall be conditioned upon acknowledgment of the person receiving them that they are of a sensitive, personal, and confidential nature and agreement to maintain that confidentiality;

- that if any such records are discussed in or attached to motions or pleadings then the party filing such motion or pleading shall redact sensitive information such as social security numbers, dates of birth, and other sensitive information that is easily susceptible to abuse and not typically necessary or helpful to preparing for litigation, or alternatively seek an Order sealing the motion or pleading in compliance with LRCiv 5.6;

- that upon the resolution of the case, any records obtained pursuant to this Order shall be destroyed after the five-year file retention period mandated by the Rule 42 Arizona Rules of the Supreme Court, ER 1.15(a);

- that the materials subject to this Order include names and other personal

identifiable information of individuals who may have relevant information about issues in dispute in this case, which may be disclosed pursuant to this order without redaction; and

- any documents in the possession of DCS or any other State agency, department, entity, employee, or official shall be disclosed through counsel for Defendants, Rusing Lopez & Lizardi, PLLC and not directly to Plaintiffs' counsel in accordance with the Federal Rules of Civil Procedure.

---

**IT IS FURTHER ORDERED** that nothing in this Protective Order shall be construed as automatically permitting a party to file documents under seal. A party seeking leave of Court to file a document under seal shall comply with Local Rule of Civil Procedure 5.6 and show "compelling reasons" (dispositive motion) or "good cause" (non-dispositive motion) for filing under seal. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006).

**IT IS FINALLY ORDERED** that the Court retains jurisdiction during and after final disposition of this action to enforce this Protective Order and to make such amendments, modifications, deletions, and additions to this Protective Order as the Court may from time to time deem appropriate or as may be requested by the parties.

Dated this 17th day of February, 2022.

_____
Honorable John C. Hinderaker
United States District Judge