**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Justin Stein, et al., | No. CV-20-00102-TUC-JCH |
| Plaintiffs, | **ORDER** |
| v. | |
| Alyssa Depke, et al., | |
| Defendants. | |

Pending before the Court is the parties' Amended Joint Motion for Release of Dependency and Court Files ("Amended Stipulation") (Doc. 56).[1] The Amended Stipulation was filed pursuant to the following statute and rules:

- A.R.S. § 41-1959;
- Rule 19(A)(2),[2] Ariz.Juv.Ct.R.Proc.;

---

[1] On March 10, 2022, the parties filed a Joint Motion for Release of Dependency and Court Files ("Stipulation") (Doc. 50). On March 23, 2022, the Court held a telephonic hearing on the Stipulation and questioned the parties on the Court's authority to grant the Stipulation. Parties indicated they would file an amended stipulation with supporting authority. On March 28, 2022, parties filed the instant Amended Stipulation.

[2] Rule 19(A)(2) covers the contents of juvenile court files, and provides that a "social file,"

> shall be maintained by the probation department and may consist of all social records, including diagnostic evaluations, psychiatric and psychological reports, treatment records, medical reports, social studies, Department of Child Safety records, police reports, disposition reports, detention records, and records and reports or work product of the probation department. The social file of the juvenile shall be confidential

- Rule 123(b)(2),[3] Ariz.Sup.Ct.; and
- Rule 123(d)(1)(C),[4] Ariz.Sup.Ct.

(Doc. 56 at 2.) The parties seek an order from this Court authorizing the release of State Court documents related to the dependency proceedings for minor Plaintiffs C.O.S. (Case No. JD20190583) and L.S.G. (Case No. JD20180144). Specifically, the parties request an order directing the Arizona Juvenile Court to release its "confidential files, records, and information from Arizona Courts" to the parties. (Doc. 56 at 1–2.)

The parties rely generally on A.R.S. § 41-1959, which governs DCS information. As prescribed, "all personally identifiable information concerning" any applicant, claimant, recipient, employer or client "is confidential and shall not be released unless ordered by a superior court judge." A.R.S. § 41-1959(A). Such information may only be released by order of an Arizona superior court. A.R.S. § 41-1959(A); *see also* A.R.S. § 8-807(K) ("The department or a person who is not specifically authorized by this section to obtain DCS information may petition a judge of the superior court to order the department to release DCS information.").

The parties offer two Ninth Circuit cases in support of their Amended Stipulation. Neither case is directly on point. In *Gonzalez v. Spencer*, the defendant, a private attorney,

---

and withheld from public inspection except upon order of the court.

[3] Rule 123(b)(2) governs "Closed or Confidential Records" and "when used in this rule in reference to records, means that members of the public may not inspect, obtain copies of, or otherwise have access to such records unless authorized by law."

[4] Rule 123(d)(1)(C) covers, "[a]ll information and records obtained in the course of evaluation, examination or treatment of juveniles who have been referred to a treatment program funded by the juvenile probation fund (pursuant to ARS § 8-321) or the family counseling fund (ARS § 8-261 et seq.) are confidential and must be withheld from public inspection unless authorized by law, rule or court order. These records include, but are not limited to, clinical records, medical reports, laboratory statements and reports, or any report relating to diagnostic findings and treatment of juveniles, or any information by which the juvenile or the juvenile's family may be identified, wherever such records are maintained by the court."

was retained to defend Los Angeles County in an underlying civil rights suit brought by the plaintiff. 336 F.3d 832, 834 (9th Cir. 2003), *abrogated on other grounds by Filarsky v. Delia*, 566 U.S. 377 (2012). The attorney accessed plaintiff's juvenile case file without obtaining approval from the juvenile court, as required by the California Welfare & Institutions Code § 827(a)(1)(M). *Id.* The Court found defendant's failure to obtain court permission before inspecting the file was a violation of plaintiff's rights. *Id.* at 835. In dicta, the Ninth Circuit noted, "[a]lthough the district court could have ordered disclosure notwithstanding state law, the file was still presumptively protected until it did." *Id.*

In *Kerr v. U.S. Dist. Court for the N. Dist. of Cal.*, the Ninth Circuit examined qualified privilege for official information under federal common law. 511 F.2d 192, 197 (9th Cir. 1975). Petitioners, defendants in a class action, sought issuance of writs of mandamus from the Ninth Circuit to compel the District Court to vacate two discovery orders. The Circuit explained, "[t]he state's interest is that of a litigant, and not, as in diversity cases, that of a sovereign whose law is being applied in a foreign forum. Reference to federal law in this case is necessary on the issue of the existence and scope of the claimed privilege." *Id.* at 197. Ultimately, the Circuit denied the petition and explained that in federal civil rights cases, "common law governmental privilege (encompassing and referred to sometimes as the official or state secret privilege) ... is only a qualified privilege, contingent upon the competing interests of the requesting litigant and subject to disclosure...." *Id.* at 198. The Ninth Circuit held, that in this context, state law restricting access to information did not apply. *Id.* at 197.

Here, the parties ask this Court to assert jurisdiction over a nonparty state court to compel the release of dependency and other court documents that are confidential under state law. Even if the Court had this power,[5] the Court would be unwilling to use it under

---

[5] It is unclear whether the Court has the power to compel the Arizona superior court to produce the relevant files. The parties fail to provide express authority which would permit federal jurisdiction over the state court or its files while circumventing an existing state law mechanism adopted by the Arizona legislature. The cases provided by the parties do not involve an interpretation of the Arizona statutes or the court rules at issue here; nor do the cases involve an attempt to compel a state court to produce a file that is confidential under state law.

- 3 -

the circumstances. The Court is sensitive to the independence of the Arizona judiciary and is not inclined to order the state court to do anything absent a particularly compelling reason, which the parties have not provided. Under state law, the parties can petition the superior court directly for the documents they seek and there seems to be a credible argument for production. But the superior court is better positioned to consider that argument because it is familiar with its own files and why portions of those files might or might not be appropriate for release. Further, the superior court could conduct an *in camera* inspection of its own file, which might be helpful here.

Accordingly,

**IT IS ORDERED DENYING WITHOUT PREJUDICE** the Amended Joint Motion for Release of Dependency and Court Files, Case Nos. JD20190583 and JD20180144 (Doc. 56).

**IT IS FURTHER ORDERED DENYING AS MOOT** the Joint Motion for Release of Dependency and Court Files, Case Nos. JD20190583 and JD20180144 (Doc. 50).

Dated this 8th day of April, 2022.

_____
Honorable John C. Hinderaker
United States District Judge