WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Justin Stein, et al., | No. CV-20-00102-TUC-JCH |
| Plaintiffs, | **ORDER** |
| v. | |
| Alyssa Depke, et al., | |
| Defendants. | |

On September 15, 2023, the Court granted summary judgment for Defendant Hanson and against Plaintiff Reid. Doc. 112. On September 29, Hanson filed a Bill of Costs. Doc. 118. Hanson asks the Clerk of the Court to tax $2,888.39 as costs. *Id.* at 1. Of this total, $67.00 are "Fees for service of summons and subpoena," and $2,821.39 are "Fees for printed or electronically recorded transcripts necessarily obtained for use in the case." *Id.* On October 13, Reid objected to Hanson's Bill of Costs. Doc. 122.

**I.     Legal Standards**

Federal Rule of Civil Procedure 54(d)(1) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." *See also* LRCiv. 54.1. Congress specified the costs to be awarded, as relevant:

> A judge or clerk of … may tax as costs the following;
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case.
>     ….
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920. These rules "create[] a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Ass'n of Mexican-Am. Educators v. State of California*, 231 F.3d 572, 591 (9th Cir. 2000) (citation omitted). When the district court exercises its discretion not to follow the presumption, it must "explain why [the] case is not 'ordinary' and why, in the circumstances, it would be inappropriate or inequitable to award costs." *Id.* at 593.

> Appropriate reasons for denying costs include: (1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties. This is not "an exhaustive list of 'good reasons' for declining to award costs," but rather a starting point for analysis.

*Draper v. Rosario*, 836 F.3d 1072, 1087 (9th Cir. 2016) (citation omitted).

## II. Analysis

The Court declines to deny Hanson's costs primarily for two reasons. First, the relatively low amount of the costs sought is unlikely to chill future similar actions. *Cf. Darensburg v. Metro. Transp. Comm'n*, No. C-05-01597 EDL, 2009 WL 2392094, at *2 (N.D. Cal. Aug. 4, 2009) (collecting cases involving "relatively small awards that did not pose a risk of chilling future litigation" ranging from $2,838.35 to $8,460.21). Second, Reid's financial resources are not insignificant compared with the requested costs. Reid states that her income averages $102,000/year. Doc. 122-1 at 3. Reid is a single mother of three, who has only $2,000 in savings. Reid claims the requested costs would ruin her credit and could force her to file for bankruptcy. *See id.* But this seems unlikely because the requested amount is less than three percent of Reid's average annual income. The Court trusts Plaintiff's counsel advised Reid that an award of costs against her was likely if she did not prevail, which would have given her an opportunity to prepare for this possibility.

Guided by Ninth Circuit precedent, the Court notes a few other reasons supporting its decision not to deny costs. First, this case does not concern a matter of substantial public importance. The importance of this case is primarily to the plaintiffs, whose children DCS removed. Second, the issues in the case were close and difficult, but not unusually so.

Summary judgment in a qualified immunity context often presents close and difficult questions. Finally, the economic disparity between the parties is substantial but does not on its own overcome the presumption in favor of awarding costs to the prevailing party.

Accordingly,

**IT IS ORDERED OVERRULING** Plaintiff Reid's objections (Doc. 122).

**IT IS FURTHER ORDERED DIRECTING** the Clerk of the Court to grant Defendant Hanson's Bill of Costs (Doc. 118).

Dated this 25th day of October, 2023.

John C. Hinderaker
United States District Judge