Michael Garth Moore (023742)
6336 North Oracle Road Suite 326, No. 119
Tucson, Arizona 85704
Telephone: 520-437-9440
mike@mgmoorelaw.com

Larry J. Wulkan (021404)
Zwillinger Wulkan PLC
2020 N. Central Ave., Suite 675
Phoenix, Arizona 857004
Telephone: 5602-609-3800
larry.wulkan@zwfirm.com

*Trial Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Justin Stein, et al,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>Alyssa Depke, et al,<br><br>　　　　Defendants. | Case No.: 4:20-cv-00102-JCH<br><br>**PLAINTIFFS' MEMORANDUM TO THE COURT ON THE INADMISSIBILITY OF THE PPH ORDER** |

　　　Defendants previously identified multiple docket pleadings and orders from the dependency case as exhibits. Since they did not specify the relevance of any specific document, Plaintiffs objected to the entirety.

　　　Defendants now propose to use the dependency judge's Order on the Preliminary

Protective Hearing in a Power Point[1] in their opening statement, and, obviously, as evidence in their defense. See, Exhibit A.

But this Court must exclude the Order, because it is highly prejudicial. The only relevance to the action of the dependency judge is that she ordered the child returned to the parents' physical custody, but the case against the Steins went on.

The only reason for proffer of the Order itself is highly prejudicial – Defendants propose that the dependency judge *affirmatively found that the Defendants did not engage in judicial deception*. They frankly and baldly emphasize that. But that is a back door affirmative defense of issue preclusion. And the Ninth Circuit authorities absolutely reject such a proffer.

In this regard, the Court's attention is directed to *Costanich v. Dep't of Social and Health Services,* 627 F.3d 1101 (9th Cir. 2010). *Costanich* stands, of course, as the seminal decision on liability of children's services agents for falsifying investigative files, reports and court documents. But on appeal in *Costanich* was also the trial court's denial of issue preclusion. The appellate panel affirmed, stating that

> The district court correctly held that the doctrine of collateral estoppel is inapplicable because the *issues* considered by the state courts and the administrative agency were not identical to those presented in this federal action…. The issue decided by the ALJ was whether substantial evidence supported the license revocation, while the issue decided by the state court was whether the review judge exceeded his authority in basing his factual findings on

---

[1] Defendants identify the source exhibit as Defendants' Exhibit 110, and claim the admissibility was stipulated. That is untrue. Plaintiffs' objected to the entirety of the exhibit. Doc. 147-2

Duron's reports. By contrast, the question in Costanich's § 1983 suit is whether Duron deliberately fabricated evidence in her investigation. Even if the state court or the administrative agency addressed *the truthfulness of Duron's reports, neither decided whether Duron deliberately fabricated the evidence.*

*Id.,* at 1107, n. 10 (emphasis added); *see, Sardarbekians v. Cnty. Of Los Angeles,* 2023 U.S. Dist. LEXIS 150217 *77 (C.D. Cal. July 28, 2023) (federal courts "do not consider, for example, [when deciding issue preclusion arguments] whether the veracity of the witnesses was at issue, but whether the core alleged misrepresentations were actually litigated.") *quoting Dodson v. Cnty. of Los Angeles*, 2022 U.S. App. LEXIS 23960, 2022 WL 3681307, at *2 (9th Cir. Aug. 25, 2022)).

*Galario v. Adewundmi*, 2009 U.S. Dist. LEXIS 38085 (D. Haw. May 1, 2009), rev'd other grounds, 531 Fed. Appx. 830 (9th Cir. 2010), is instructive. The child was removed from Galario's home, dependency proceedings followed, hearings followed in which the parent was represented by counsel, ultimately resulting in foster parent being granted legal guardianship of the child. Upon the children's services investigator's motion for summary judgment on collateral estoppel, plaintiffs responded that they were "seeking damages for what they claim to be the inadequate and biased investigation practices used by Adewundmi which resulted in their loss of custody." *Id.* at *50. The Court agreed, reasoning that

> The issue being litigated before this Court … involves the question of whether Adewundmi conducted his investigation in a reasonable and legal fashion. Although the Family Court may have heard arguments as to the appropriateness of Adewundmi's investigation, the issues to be decided by the Family Court were entirely different from those presented in this case. As such, this case does not implicate principles of collateral estoppel.

*Id.,* at **50-51. *See, also, Deeths v. Lucile Slater Packard Children's Hospital,* 2013 U.S. Dist. LEXIS 83457 *33 (E.D. Cal. June 13, 2013) ("Although issues from the juvenile dependency proceedings may overlap into this action, the pivotal issues at stake here were not actually litigated and necessarily decided in the juvenile dependency proceedings.")

3

The judicial deception claim before this Court was *never* litigated in the dependency proceedings.

The substance of Defendants' proffer is that the jury should *infer* that judicial deception was actually litigated if they *might have been addressed* by the dependency judge. But that position was rejected in *Janjua v. Neufeld,* 933 F. 3d 1061, 1066-67 (9th Cir. 2019) ("that an issue is actually litigated *if it was implicitly raised* does not satisfy the test of issue preclusion.") (emphasis added).

The PPH was not a determination on the merits. It was not a final, appealable order. Indeed, the Plaintiffs could not have appealed the order, because the issue upon which the dependency judge ruled found in the parents' favor.

This Court must exclude not only the PPH Order itself, but the entirety of the dependency file proffered by Defendants. The only relevant, non-prejudicial documents are the Dependency Petition, the Temporary Orders, and the dismissal entry.

RESPECTFULLY SUBMITTED this 22nd day of April, 2024

*/s/ Michael Garth Moore*
Michael Garth Moore
6336 North Oracle Road Suite 326, No. 119
Tucson, Arizona 85704
Telephone: 520-437-9440
mike@mgmoorelaw.com

**CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing was filed through the Court's electronic filing system on April 22, 2024. Notice of this filing will be sent to all parties and counsel through the Court's filing system. Parties and counsel may access the filing through the Court's system.

                                        Respectfully submitted,
                                        /s/ Michael Garth Moore