Michael Garth Moore (023742)
6336 N. Oracle Rd. Suite 326 #119
Tucson, Arizona 85704
Tel: 520-318-0075
mike@mgmoorelaw.com

Larry J. Wulkan (021404)
Jennifer L. Allen (027941)
**ZWILLINGER WULKAN PLC**
2020 N. Central Ave. Suite 675
Phoenix, Arizona 85004
Tel: 602-962-0089
larry.wulkan@zwfirm.com
jennifer.allen@zwfirm.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Justin Stein, et al., | Case No.: 4:20-cv-00102-JCH |
| Plaintiffs, | |
| v. | **PLAINTIFFS' TRIAL MEMORANDUM ADDRESSING MATERIALITY** |
| Alyssa Depke, et al., | |
| Defendants. | |

In judicial deception cases like this one, materiality is an issue to be decided by the judge, not the jury. In *Hervey v. Estes*, for example, the plaintiff in a Section 1983 judicial deception case argued that the jury should decide whether the misrepresentations in the officer's search warrant were material, and the court disagreed, explaining that the "issue of the materiality of the false statements" is one that is "reserve[d] to the court." 65 F.3d 784, 789 & n. 5 (9th Cir. 1995). Similarly, in *Butler v. Elle*, in the context of a search warrant, the court explained: "Materiality is for the court, state of mind is for the jury." 281 F.3d 1014, 1024 (9th Cir. 2001). In *Ewing v. City of Stockton*, another search warrant case, the court explained it this way: "If a party makes a substantial showing of deception, the court must determine the materiality of the allegedly false statements or

omissions. . . . If an officer submitted false statements, the court purges those statements and determines whether what is left justifies issuance of the warrant." 588 F.3d 1218, 1224 (9th Cir. 2009). And in *Smith v. Almada*, the court explained that where a plaintiff brings a "false arrest claim for judicial deception," the "materiality element" is "a question for the court," which "requires the plaintiff to demonstrate that the magistrate would not have issued the warrant with false information redacted, or omitted information restored." 640 F.3d 931, 937 (9th Cir. 2011) (internal citations omitted). Accordingly, the Court should not instruct the jury on materiality at all *or* should instruct the jury that materiality is not at issue in this case.

To the extent Defendants now ask the Court to decide the issue in their favor, the deadline to do so has long passed. In the Court's Case Management Order, the dispositive motion deadline was December 17, 2022. Doc. 049 at ¶ 7. The Court warned the parties in that order, under a section titled "The Deadlines are Real," that the Court "intends to enforce the deadlines," such that the parties "should plan their litigation activities accordingly," because, "absent truly unusual circumstances," the Court "will not . . . extend the schedule." *Id.* at ¶ 9. Even when the Court later extended the fact discovery deadline, it explicitly did not extend any of the remaining deadlines. *See* Doc. 071. And when the Court later extended the dispositive motion deadline, it did so only by six days, to December 23, 2022. *See* Doc. 081.

Defendants filed a motion for summary judgment, but they did not raise the issue of materiality, despite it being a dispositive legal issue. *See, e.g.*, *Pac. Marine Ctr., Inc. v. Silva*, 553 F. App'x 671, 673 (9th Cir. 2014) (internal citation omitted) ("To prevail on a claim of judicial deception, Appellants must show that the defendant deliberately or recklessly made false statements or omissions that were material to the finding of probable cause."). Put another way, a ruling that the representations and omissions were immaterial would be fatal to Plaintiffs' case. The time to raise such dispositive issues of law was on summary judgment, not on the eve of trial after Plaintiffs have expended

substantial time and resources on trial preparation. Granting Defendants a favorable ruling on this issue on the eve of trial would be tantamount to allowing them to file a motion for summary judgment on this issue on the eve of trial, and almost a year and a half after the dispositive motion deadline. The Court should not allow Defendants to ambush Plaintiffs in this manner.

Accordingly, the Court should exclude any reference to materiality from the jury instructions *or* should instruct the jury that materiality is not at issue in this case. *See, e.g.*, *Gautier v. Los Angeles Police Dep't*, 2023 WL 3432171, at *4 (C.D. Cal. Mar. 22, 2023) (explaining the court will include a jury instruction "stating that the materiality element of the judicial deception claim is not at issue in this case," the "exact language of" which will "be negotiated at the instructions conference if the parties cannot stipulate in advance to mutually acceptable language").[1]

RESPECTFULLY SUBMITTED this 27th day of April, 2024.

*/s/ Larry J. Wulkan*
Larry J. Wulkan
Jennifer L. Allen
Zwillinger Wulkan PLC
2020 N. Central Ave., Suite 675
Phoenix, Arizona 857004
Telephone: 602-609-3800
larry.wulkan@zwfirm.com

---

[1] Plaintiffs recognize, in *Gautier*, that materiality was decided in the plaintiffs' favor on motions for summary judgment. But, as explained above, Defendants did not raise materiality in any motion for summary judgment, so there was no reason for the Court to rule on the issue in this case. And it is too late for the Court to pass on this legal issue now, in the middle of trial, without the benefit, if necessary, of the Ninth Circuit's ruling which would have come from any appeal arising from the issue following dispositive motions.

Michael Garth Moore
6336 North Oracle Road Suite 326, No. 119
Tucson, Arizona 85704
Telephone: 520-318-0075
mike@mgmoorelaw.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing was filed through the Court's electronic filing system on April 27, 2024. Notice of this filing will be sent to all parties and counsel through the Court's filing system. Parties and counsel may access the filing through the Court's system.

*/s/ Stephanie Dolfini*

4