Michael Garth Moore (023742)
6336 N. Oracle Rd. Suite 326 #119
Tucson, Arizona 85704
Tel: 520-318-0075
mike@mgmoorelaw.com

Larry J. Wulkan (021404)
Jennifer L. Allen (027941)
**ZWILLINGER WULKAN PLC**
2020 N. Central Ave. Suite 675
Phoenix, Arizona 85004
Tel: 602-962-0089
larry.wulkan@zwfirm.com
jennifer.allen@zwfirm.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Justin Stein, et al., | Case No.: 4:20-cv-00102-JCH |
| Plaintiffs, | |
| v. | **PLAINTIFFS' TRIAL MEMORANDUM ADDRESSING PUNITIVE DAMAGES** |
| Alyssa Depke, et al., | |
| Defendants. | |

This memorandum addresses the Court's request for briefing on whether punitive damages are controlled by state or federal law and what, if any, difference exists between the two.

**I.     Punitive damages awarded under 42 U.S.C. § 1983 are governed exclusively by federal law.**

"There is no doubt that the damages awardable under 42 U.S.C. § 1983 are a matter of federal law." *Cornwell v. City of Riverside*, 896 F.2d 398, 399 (9th Cir. 1990). States "cannot set up a policy subversive of that law." *Id.*, *see also Williams v. Diaz,* 2005 WL 8161555, at *14 (S.D. Cal. Feb. 28, 2005), *report and recommendation adopted*, 2005 WL 8161522 (S.D. Cal. Sept. 28, 2005) ("It is well settled that federal standards

govern determination of damages under the civil rights statutes," including 42 U.S.C. § 1983); *Bach v. Cnty. of Butte*, 147 Cal. App. 3d 554 (Ct. App. 1983) (*"*Purposes underlying § 1983, i.e., to serve as antidote to discriminatory state law, to protect federal rights where state law is inadequate, and to protect federal rights where state processes are available in theory but not in practice, may not be frustrated by state substantive limitations couched in procedural language.") (citing 42 U.S.C.A. § 1983).

Indeed, federal courts disfavor application of any state law that could potentially impact a plaintiff's right to seeking relief under §1983. In *Andrich v. Kostas*, the Arizona District Court held Arizona's survival statute could not preclude potential damages awards, such as "pre-death pain and suffering." 470 F. Supp. 3d 1048, 1056–57 (D. Ariz. 2020), aff'd, No. 22-16226, 2023 WL 6157407 (9th Cir. Sept. 21, 2023). The court reasoned that applying Arizona law "would undermine § 1983's goal of promoting deterrence" and supply "a means to provide at least indirect federal control over the unconstitutional actions of state officials" undermining one of "the key objectives of § 1983" which "is to deter state officials, via the threat of money damages." *Id.* (citation omitted).

In another case in which the plaintiff was seeking relief under §1983, *Williams v. Murphy*, the court explained that the "availability of punitive damages in Section 1983 cases accentuates the deterrence goal of the statute, and the Second and Seventh Circuits have concluded that state law that has the functional impact of denying punitive damages under Section 1983 clashes with that goal." 2018 WL 2016850, at *11 (D. Conn. Mar. 29, 2018), *aff'd sub nom. Williams v. Marinelli*, 987 F.3d 188 (2d Cir. 2021) (emphasis added) (citation omitted). The court explained that § 1983 "evidences a strong congressional purpose of ensuring that states not apply their laws in such a way as to negate rights afforded by the Constitution and federal law." *Id.* at *11.

**II.   There are material differences between state and federal law applicable to punitive damage awards.**

*First,* the burden of proof is different. Under federal law, the burden of proof for punitive damages in § 1983 cases is preponderance of the evidence. *Dang v. Cross*, 422 F.3d 800, 807-08 (9th Cir. 2005). Under Arizona law, the burden is clear and convincing. *Linthicum v. Nationwide Life Ins. Co.*, 150 Ariz. 326, 332 (1986) ("We hold that the burden of proof for punitive damages is by clear and convincing evidence.").

*Second*, punitive damages are much more difficult to recover under Arizona law because, there, "a jury may award punitive damage" only when there is "evidence of an evil mind *and* aggravated and outrageous conduct." *Id.* (Internal quotations omitted.) Such conduct requires "consciously disregarding the unjustifiably substantial risk of significant harm to them." *Id.*  But the standard for the availability of punitive damages in a 1983 action includes "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Dang*, 422 F.3d at 807.

Defendants' suggestion that state law governs a federal claim for punitive damages is both spurious and offensive to 42 U.S.C. § 1983.

RESPECTFULLY SUBMITTED this 27th day of April, 2024.

*/s/ Larry J. Wulkan*
Larry J. Wulkan
Jennifer L. Allen
Zwillinger Wulkan PLC
2020 N. Central Ave., Suite 675
Phoenix, Arizona 857004
Telephone: 602-609-3800
larry.wulkan@zwfirm.com

3

|   |   |
|---|---|
| 1 | Michael Garth Moore |
| 2 | 6336 North Oracle Road Suite 326, No. 119 |
| 3 | Tucson, Arizona 85704 |
|   | Telephone: 520-318-0075 |
| 4 | mike@mgmoorelaw.com |
| 5 | *Attorneys for Plaintiffs* |

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing was filed through the Court's electronic filing system on April 27, 2024. Notice of this filing will be sent to all parties and counsel through the Court's filing system. Parties and counsel may access the filing through the Court's system.

 /s/ Stephanie Dolfini

4