**Rusing Lopez & Lizardi, P.L.L.C.**
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800
Facsimile: (520) 529-4262
mrusing@rllaz.com
pwaterkotte@rllaz.com
pscalf@rllaz.com
mdlammers@rllaz.com

Michael J. Rusing
State Bar No. 006617
Patricia V. Waterkotte
State Bar No. 02923
Paige E. Scalf
State Bar No. 036959
Mark D. Lammers
State Bar No. 010335

*Attorneys for Defendants Alyssa Depke and Lyssa Fregoso*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Justin Stein, et al.,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>Alyssa Depke, et al.,<br><br>　　　　　　Defendants. | **NO. 4:20-cv-00102-JCH**<br><br>**TRIAL BRIEF RE: JUDGE CONSIDERATION OF LEGAL CUSTODY AT A PRELIMINARY PROTECTIVE HEARING**<br><br>**(Assigned to Hon. John C. Hinderaker)** |

Defendants Alyssa Depke and Lyssa Fregoso ("Defendants") respond to the Court's request for additional briefing regarding the Juvenile Court judge's consideration of legal custody during a Preliminary Protective Hearing ("PPH").

Does Arizona law allow a judge presiding over a PPH to consider whether "legal custody" should remain with the state? Yes, the judge was required to determine continuation of legal custody under Rule 50.

(a) if so, whether the issue has to be raised by one of the parties. No, it does not. The Juvenile Court judge "shall determine whether continued temporary custody of the child is necessary" under Rule 50. In addition, a party was permitted to request a review under Rule 51, as occurred here.

(b) whether the judge could consider it *sua sponte*. Yes, the judge "shall determine whether continued temporary custody of the child is necessary" under Rule 50.

and

(c) whether the judge could return both legal and physical custody to a family at the PPH under any circumstances. Yes, as it did here, the juvenile court shall return legal ***and*** physical custody when it finds that there is no probable cause to believe continued temporary custody is clearly necessary to prevent abuse or neglect. See Rule 50 & 10/17/19 Order, p. 4 (probable cause box not checked).

1. **In 2019, Arizona rule and statute *required* the juvenile court to review at the PPH whether continued temporary custody is necessary.**

"At the preliminary protective hearing, the court shall determine whether continued temporary custody of the child is necessary." See, **Ex. 1**, 17B A.R.S. Juv.Ct.R.Proc., Rule 50 (2017); **Ex. 2**, 17 A.R.S. Juv.Ct.R.Proc., Rule 51 (2001) (requiring review of temporary custody of the child when requested by the parents); *Dep't of Child Safety v. Stocking-Tate in & for Cnty. of Yuma*, 446 P.3d 813, 818 (Ariz. App. 2019)("Thus, by rule and statute, temporary custody, even if initiated via an ex parte order, is reviewed first upon the filing of

the dependency petition, a second time within five to seven days after the child is taken into custody at the PPH, and a third time within twenty-one days after the dependency petition is filed at the IDH.").[1]

Here, the Steins requested and received a review of temporary custody. See **Ex. 3**, PPH Order, p. 4; **Ex. 4** at p.2, Minute Entry.

### 2. The term "custody" and "legal custody" are synonymous under Arizona Law.

A.R.S. § 8-8531 defines "custody" in the following manner:

> 5. "Custody" or "legal custody" means a status embodying *all* of the following rights and responsibilities:
>     (a) The right to have physical possession of the child.
>     (b) The right and the duty to protect, train and discipline the child.
>     (c) The responsibility to provide the child with adequate food, clothing, shelter, education and medical care, provided that such rights and responsibilities shall be exercised subject to the powers, rights, duties and responsibilities of the guardian of the person and subject to the residual parental rights and responsibilities if they have not been terminated by judicial decree.

Ariz. Rev. Stat. Ann. § 8-531(*emphasis added*); *see also Diana H. v. Rubin*, 171 P.3d 200, 203 (Ariz. App. 2007)(applying custody as defined by A.R.S. § 8-531 to a dependency matter).

### 3. At the PPH, the Juvenile Court returned the temporary legal custody and temporary physical custody of COS to the Steins.

---

[1] In 2022, the legislature amended both statutes to read "temporary physical custody." AZ ST JUV CT Rule 333; AZ ST JUV CT Rule 332. "A cardinal principle of statutory interpretation is to give meaning, if possible, to every word and provision so that no word or provision is rendered superfluous" *Nicaise v. Sundaram*, 432 P.3d 925, 927 (2019). To suggest that "temporary custody" and "temporary physical custody" have the same meaning would render the word "physical" – and the efforts of the Fifty-fourth Legislature—superfluous.

3

The Petition requested that COS become a temporary ward of the Court and placed in the care custody and control of DCS. See Petition, Request for Relief 3. The Petition *also* requested COS to be in the physical custody of DCS. See Petition, Request for Relief 4. In the October 14 Temporary Orders, the Juvenile Court ordered that, **pending the hearing**, COS was under the legal care, custody and control of DCS. See Temporary Orders and Findings, **Ex. 5**, p.1. Also, by the Temporary Orders, the Juvenile Court ordered that COS be placed in the physical custody of DCS. See Temporary Orders, p.1

The PPH Order and Minute Entry clearly state that the court could not find that "continued temporary custody [was] clearly necessary." See Ex. 3, p. 4; Ex. 4, p. 3. And, the PPH Order and Minute Entry separately ordered that COS be returned to the Steins. Id.

Thus, the Court returned **both** legal custody and physical custody to the Steins. Nothing whatsoever in the PPH Order or Minute Entry thereon ordered that COS remain in legal custody of DCS. The argument Plaintiffs have raised for the first time during this trial that the Temporary Orders remained effective **after** the PPH Order is contrary to Arizona law and the plain wording of the Temporary Orders which provided only for temporary custody **pending the hearing**. *Dep't of Child Safety v. Stocking-Tate in & for Cnty. of Yuma*, 446 P.3d 813, 819 (Ariz. App. 2019) ("The cumulative nature of the review process means the duration of a temporary order may be quite brief; **each new order necessarily replaces** the last as the court gains information and perspective.")(emphasis added). Nor does the Juvenile Court's order that DCS share educational responsibility with the parents constitute "legal custody," which under A.R.S. § 8-8531 requires that the holder of legal custody exercise *all* of the rights and responsibilities enumerated under it. Only the Steins did this, and only the Steins held legal custody of COS after October 17, 2019.

DATED this 28th day of April, 2024.

RUSING LOPEZ & LIZARDI, P.L.L.C.

*/s/ Patricia V. Waterkotte*
Michael J. Rusing
Patricia V. Waterkotte
Paige E. Scalf
Mark D. Lammers
*Attorneys for Defendants*
*Alyssa Depke and Lyssa Fregoso*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served this 28th day of April, 2024 via Notice of Electronic Filing, generated and transmitted by the ECF system of the District of Arizona, to the following CM/ECF registrants:

Michael Garth Moore
9040 North Placita Verde
Tucson, Arizona 85704
mike@mgmoorelaw.com

Larry J. Wulkan (021404)
Jennifer L. Allen (027941)
Alexis J. Eisa (021404)
ZWILLINGER WULKAN PLC
2020 N. Central Ave. Suite 675
Phoenix, Arizona 85004
Tel: 602-962-0089
larry.wulkan@zwfirm.com
jennifer.allen@zwfirm.com
alexis.eisa@zwfirm.com
*Trial Counsel for Plaintiffs*

By    */s/ Aneta Wrzeszcz*

5