# EXHIBIT 1

> Arizona Revised Statutes Annotated
> Rules of Procedure for the Juvenile Court (Refs & Annos)
> Part III. Dependency, Guardianship and Termination of Parental Rights
> 3. Dependency

This section has been updated. Click here for the updated version.

17B A.R.S. Juv.Ct.Rules of Proc., Rule 50

Rule 50. Preliminary Protective Hearing

Effective: [See Text Amendments] to June 30, 2022

**A. Purpose.** At the preliminary protective hearing, the court shall determine whether continued temporary custody of the child is necessary and shall enter appropriate orders as to custody, placement, visitation and the provision of services to the child and family. The preliminary protective hearing may be held as an emergency hearing as provided in Section 1922 of ICWA and 25 C.F.R. § 23.113.

**B. Procedure.** At the preliminary protective hearing, the court shall:

1. Under the Regulations, inquire if any party has reason to know that the child at issue is an Indian child as defined by ICWA;

2. Appoint counsel pursuant to Rule 38(B);

3. Determine whether service has been completed pursuant to Rule 48 or waived as to each party;

4. Identify all documents the court has received and will consider;

5. Review any agreements or stipulations reached at the pre-hearing conference to determine whether the agreement gives paramount consideration to the health and safety of the child. The court may approve or modify any agreements reached by the parties and enter orders as appropriate;

6. Conduct a review of temporary custody as set forth in Rule 51 if no agreement as to placement has been approved by the court;

7. Conduct the initial dependency hearing as set forth in Rule 52 for any party who is present and has been served. The court shall set a continued initial hearing as to any party who was not served and did not appear;

8. Determine whether a proposed case plan for services has been submitted and is appropriate;

9. Determine whether the Department of Child Safety has made arrangements for the assembly of the medical records of the child, a medical assessment of the child, the implementation of referrals and the communication of recommendations and results, as provide by law;

10. Make any determinations required by Rule 47.1;

11. Inform a foster parent, pre-adoptive parent or a member of the child's extended family with whom the department has placed the child of the right to be heard in any proceeding to be held with respect to the child; and

12. Notify a relative identified as a possible placement for the child of the right to be heard in any proceeding to be held with respect to the child.

**C. Findings and orders.** All findings and orders, including any agreements reached by the parties shall be in the form of a signed order or contained in a minute entry, and shall be provided to the parties at the conclusion of the hearing. The court shall:

1. Make findings and enter orders regarding temporary custody as required by law and Rule 51;

2. Make findings and enter orders as required by Rule 52(D);

3. Under the Regulations, confirm based on a report, declaration, or testimony included in the record or by court order that the Department of Child Safety or other petitioner has used or will use due diligence to identify and work with all tribes of which there is reason to know the child may be a member (or eligible for membership), to verify whether the child is in fact a member (or a biological parent is a member and the child is eligible for membership);

4. Make findings and enter orders regarding services for the child and family, including visitation, as required by law;

5. Address the parent, guardian, or Indian custodian in open court and advise the parent, guardian or Indian custodian that failure to attend the pretrial conference, the settlement conference or the dependency adjudication hearing, without good cause shown, may result in a finding that the parent, guardian or Indian custodian has waived legal rights and is deemed to have admitted the allegations in the dependency petition. The court shall advise the parent, guardian or Indian custodian that the hearings may go forward in the absence of the parent, guardian or Indian custodian and may result in a finding of dependency based upon the record and evidence presented. The court shall also inform the parent that substantially neglecting or willfully refusing to remedy the circumstances that cause the child to be in an out-of-home placement, including refusing to participate in reunification services, is grounds for termination of parental rights to a child. The court shall make specific findings that it advised the parent, guardian or Indian custodian of the consequences of failure to attend subsequent proceedings and participate in reunification services. The court may provide the parent, guardian or Indian custodian with a copy of Form 1, request that the parent, guardian or Indian custodian sign and return a copy of the Form, and note on the record that the Form was provided;

6. If ICWA applies, the court shall make findings pursuant to the standards and burdens of proof as required under ICWA and the Regulations, including whether placement of the Indian child is in accordance with Section 1915 of ICWA and 25 C.F.R.

§ 23.131 or whether there is good cause to deviate from the preferences, unless the proceeding is an emergency proceeding governed by Section 1922 of ICWA; and

7. Order the parent or guardian to provide the court with the names, the type of relationship and all available information necessary to locate persons who are related to the child or who have a significant relationship with the child unless the parent or guardian informs the court that there is not sufficient information available to locate a relative or person with a significant relationship with the child. The court shall further order the parent or guardian to inform the department immediately if the parent or guardian becomes aware of new information related to the existence or location of a relative or person with a significant relationship to the child.

8. Make findings and enter any other orders as may be appropriate or required by law, including the preparation of a disposition report as required in Rule 56.

**Credits**

Added Oct. 27, 2000, effective Jan. 1, 2001. Amended and effective on an emergency basis Jan. 26, 2004. Amended and effective June 8, 2004. Amended Jan. 20, 2006, effective July 1, 2006. Amended and effective on an emergency basis Sept. 26, 2008. Amended and effective on an emergency basis Sept. 30, 2009. Adopted on a permanent basis and amended Sept. 3, 2009, effective Jan. 1, 2010. Amended June 30, 2010, effective on an emergency basis July 29, 2010, adopted on a permanent basis Sept. 1, 2011. Amended and effective on a permanent basis, Sept. 2, 2010. Amended Sept. 2, 2014, effective on an expedited basis, Sept. 1, 2014. Amended and effective on a permanent basis, Dec. 16, 2014. Amended effective Aug. 10, 2017.

**Editors' Notes**

**COMMENT**

> The committee recommends that, in addition to the admonition set forth in this rule, the court should consider providing the parent, guardian or Indian custodian with a written copy of the admonition. See Form 1.

**APPLICATION**

> <Rules 9 through 35 shall apply to cases in which the offense occurred on or after January 1, 2001; Rules 36 through 66 shall apply to cases filed on or after January 1, 2001; and, Rules 67 through 87 shall apply to actions commenced on or after January 1, 2001.>

17B A. R. S. Juv. Ct. Rules of Proc., Rule 50, AZ ST JUV CT Rule 50
State Court Rules are current with amendments received through April 15, 2024. The Code of Judicial Administration is current with amendments received through April 15, 2024.

**End of Document**  © 2024 Thomson Reuters. No claim to original U.S. Government Works.