# EXHIBIT 2

---

Arizona Revised Statutes Annotated
   Rules of Procedure for the Juvenile Court (Refs & Annos)
      Part III. Dependency, Guardianship and Termination of Parental Rights
         3. Dependency

This section has been updated. Click here for the updated version.

17B A.R.S. Juv.Ct.Rules of Proc., Rule 51

Rule 51. Review of Temporary Custody

Effective: [See Text Amendments] to June 30, 2022

**A. Purpose.** If requested by the parent, guardian or Indian custodian at the preliminary protective hearing, the court shall conduct a review of temporary custody to determine whether removal of the child was necessary and whether the child should remain in out-of-home placement.

**B. Burden of Proof.** The petitioner shall have the burden of proving that there is probable cause to believe that continued temporary custody of the child is clearly necessary to prevent abuse or neglect. In addition, if the child is an Indian child, the petitioner shall have the burden of proving by clear and convincing evidence, including testimony from a qualified expert witness, that continued custody of the child by the parent or Indian custodian is likely to result in serious emotional or physical damage to the child. The petitioner must satisfy the court that active efforts have been made to provide remedial services and rehabilitative programs designed to prevent the breakup of the Indian family and that those efforts have proven unsuccessful.

**C. Procedure.** The temporary custody hearing shall proceed as follows:

1. Evidence presented in support of or to rebut a finding of temporary custody may include evidence which is hearsay, in whole or in part, or as provided by statute;

2. Evidence relating to placement, visitation or services shall be permitted only as it relates to the issue of continued temporary custody; and

3. At the conclusion of the petitioner's case, the parent, guardian or Indian custodian shall be permitted to present evidence in support of the child's return.

**D. Findings and Orders.** The court shall determine, based upon the evidence presented, whether there is probable cause to believe that temporary custody is clearly necessary to prevent further abuse or neglect. In addition, if the child is an Indian child, the court shall also determine, by clear and convincing evidence, including testimony from a qualified expert witness, whether continued custody of the child by the parent or Indian custodian is likely to result in serious emotional or physical damage to the child. The court must be satisfied that active efforts have been made to provide remedial services and rehabilitative programs designed to prevent the breakup of the Indian family and that those efforts have proven unsuccessful. If the petitioner failed to meet the burden of proof, the court shall order the return of the child to the parent, guardian or Indian custodian. If the petitioner has met the burden of proof, the court may continue the child in out-of-home placement.

---

Case 4:20-cv-00102-JCH   Document 207-2   Filed 04/28/24   Page 3 of 3

**Credits**

Added Oct. 27, 2000, effective Jan. 1, 2001.

**Editors' Notes**

**APPLICATION**

> <Rules 9 through 35 shall apply to cases in which the offense occurred on or after January 1, 2001; Rules 36 through 66 shall apply to cases filed on or after January 1, 2001; and, Rules 67 through 87 shall apply to actions commenced on or after January 1, 2001.>

17B A. R. S. Juv. Ct. Rules of Proc., Rule 51, AZ ST JUV CT Rule 51

State Court Rules are current with amendments received through April 15, 2024. The Code of Judicial Administration is current with amendments received through April 15, 2024.

---

**End of Document**                                      © 2024 Thomson Reuters. No claim to original U.S. Government Works.