**Rusing Lopez & Lizardi, P.L.L.C.**
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800
Facsimile: (520) 529-4262
mrusing@rllaz.com
pwaterkotte@rllaz.com
pscalf@rllaz.com
mdlammers@rllaz.com

Michael J. Rusing
State Bar No. 006617
Patricia V. Waterkotte
State Bar No. 02923
Paige E. Scalf
State Bar No. 036959
Mark D. Lammers
State Bar No. 010335

*Attorneys for Defendants Alyssa Depke and Lyssa Fregoso*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| Justin Stein, et al., | NO. 4:20-cv-00102-JCH |
|---|---|
| Plaintiffs, | |
| vs. | **MOTION FOR JUDGMENT AS A MATTER OF LAW** |
| Alyssa Depke, et al., | |
| Defendants. | (Assigned to Hon. John C. Hinderaker) |

Defendants Alyssa Depke and Lyssa Fregoso ("Defendants") move this Court for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a).

**I. Facts Established at Trial.**

    **a.** Justin Stein testified at this trial that they refused services. Jacqueline Stein testified she didn't know, and Justin Stein didn't tell her. Lynn Saturley and Chris Hall testified the Steins refused services and they told that to Defendants.

**b.** The Steins and Chris Hall testified at trial that the Steins would place COS in his room for long periods of time and that he could not get out himself. Jackie Stein testified that the Steins would leave COS in his room for up to an hour. Cross-examination of Jacqueline Stein, p. 46, ll.5-11. Chris Hall testified he told this to Defendants.

**c.** The Steins testified at this trial that Justin Stein and Jacqueline Stein requested removal, and that they were not willing to have COS return to their home until noon on October 11, 2019. Justin testified that they called DCS to report a neglect case on themselves and that he wanted DCS to remove COS. Justin Stein testified he wanted to sign the Temporary Custody Notice.

**d.** The PPH Report includes the information that the Steins changed their minds about COS returning to their home when there was no placement for him available and that they requested services as an alternative to removal.

**e.** At the PPH, the Juvenile Court admitted the PPH report to evidence. PPH Minute Entry, **Ex. 1.**, p. 1.

**f.** Prior to conducting the Temporary Custody Hearing and PPH on October 17, 2019, the Juvenile Court reviewed the PPH Report and entered a judicial finding that the report made a prima facie case/established probable cause that temporary custody was clearly necessary. **Ex. 2.** Preliminary Protective Hearing Transcript, p.10[1] ; *See also* Ex. 1 p.4

## II. Legal Argument

"If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may" "resolve the issue against the party." Fed. R. Civ. P. 50(a)(1)(A). The movant "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir.

---

[1] Defendants move the Court to take judicial notice of the findings set forth in the preliminary protective hearing transcript pursuant to Fed.R.Evid.201(b)(2).

2

2000). Here, the Court should grant judgement as a matter of law in Defendants' favor because the evidence unequivocally demonstrates Plaintiffs cannot meet the elements of a judicial deception claim; that is, they cannot show that Defendants recklessly or deliberately made misrepresentations or omissions that were material to any decisions made by the Juvenile Court. *Chism v. Washington State*, 661 F.3d 380, 386 (9th Cir. 2011); *see also Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1148 (9th Cir. 2021)(an "alleged misrepresentation was material to the granting of the removal order if the Juvenile Court would have declined to issue the order had the defendant been truthful.")(cleaned up).

### a. The evidence unequivocally shows all the alleged misrepresentations were clearly facts provided to them by Caren Jablonsky, Chris Hall & Lynn Saturley

In its April 22 Order on Defendants Motions in *Limine*, the Court summarized the misrepresentations Plaintiffs contend Defendants included in the dependency petition filed on October 11, 2019 and the court report filed on October 16, 2019 as follows: "(1) The parents failed to accept or secure necessary medical and social services for C.S. that were made available to them; (2) father locked[2] C.S. in the bedroom there alone when he would have 'behavior outbursts'; and (3) both parents were unwilling to care for C.S. in their home and asked DCS to take custody of him." ECF 198, p. 2, ll. 9-14. But as described above, Plaintiffs' testimony at trial, and other evidence, unequivocally indicates that all three of these representations were not "fabricated" and instead were clearly based upon facts provided to them. The Steins testified that they were unwilling to have COS back until at least noon on Friday, October 11.  Caren Jablonsky, Chris Hall & Lynn Saturley all testified they gave information to Defendants regarding the Steins' refusal of services. Chris Hall testified that he provided information to Defendants about COS being locked in his

---

[2] To the extent plaintiffs object to the word "lock," "mere carelessness or mistakes of tone" do not give rise to claims for judicial deception. *Spencer v. Peters*, 857 F.3d 789, 798 (9th Cir. 2017)

3

room.[3] And, although it was also established at trial that the information provided by these three witnesses was true and accurate, Defendants need only establish that that they did not fabricate it.

### b. The evidence unequivocally shows that any omissions from the Dependency Petition were not material to the Juvenile Court's decision to authorize DCS to maintain custody of COS.

The October 11 Dependency Petition alleged both that COS was dependent and that it was contrary to his welfare to remain in his parents' home. A.R.S. § 8-821(B) allows the Juvenile Court to "issue an order authorizing [DCS] to take temporary custody of a child on finding that probable cause exists to believe that temporary custody is necessary." The Juvenile Court issued such an order on October 17, 2019, indicating that it did find probable cause to believe that temporary custody was necessary, even after review of the report which included the purported omissions in the petition.

This Court observed in its Order on Defendants Motion for Summary Judgement that "the Juvenile Court based its order on a single fact: that the Steins were unwilling to care for C.S. By neglecting to mention that the Steins had asked for C.S. back, Depke and Fregoso omitted 'the dispositive fact.'" ECF 112, p. 12, ll. 2-5.  The evidence shows (and this Court observed) that Defendants included this information, as well as information that the Steins requested immediate 24/7 respite care, a psychiatric evaluation, and medication as an alternative to removal, in the PPH report. Even so, the Juvenile Court found that the report established "probable cause" that temporary custody was clearly necessary. In its Order on the Motion to Dismiss, the Court speculated that it was because that information was included in the PPH report that the Juvenile Court determined that temporary custody was not clearly necessary. ECF 34, p. 19, ll. 19-20.

But the Juvenile Court record unambiguously shows that those omissions were not material to the temporary orders and that inclusions of that information did not cause the Juvenile Court to find that temporary custody was clearly necessary. As described above the Juvenile Court admitted the PPH report into evidence at the PPH. During the PPH, the Juvenile Court held a temporary custody hearing at the parents' request. Prior to any testimony being offered, counsel for Father requested the court to make a probable cause finding, based on the PPH Report. The Juvenile Court judge did so, stating that she had reviewed the PPH report and finding that it established a prima facie case that continued temporary custody was necessary. The alleged omissions therefore could not have been material to the ex parte order because its inclusion in the PPH report did not change the Juvenile Court's even when that information was included in the report, the Court found that probable cause existed to believe that temporary custody was clearly necessary.

### c. Plaintiffs raised no evidence indicating that any alleged misrepresentations or omissions caused any constitutional deprivation to continue after October 17, 2019 (Renewal of MIL 7)

To succeed on a claim for judicial deception, Plaintiffs must demonstrate that the allegedly deceptive act was both the cause in fact and proximate cause of the claimed constitutional deprivation. *Spencer v. Peters*, 857 F.3d 789, 798 (9th Cir. 2017). A judge's "exercise of independent judgment in the course of his official duties is a presumptively superseding cause, which cuts off [Defendant's] liability." *Suzuki v. Cnty. Of Contra Costa*, 820 F. App'x 577, 578 (9th Cir. 2020). As the Court observed in its April 22 Order on Defendants' Motions in Limine, the judge at the preliminary protective hearing reviewed not only the PPH report, but also received direct testimony, cross examination testimony, and evidence from all parties. ECF 198, pp. 6-7; ll. 17-2.

Plaintiffs therefore must put forth some evidence that something occurred at that hearing to prevent the judge either from receiving or properly considering the information

5

they now allege to be misrepresented or omitted. They do not – indeed, Plaintiffs objected to Defendants offering it into evidence at trial. Plaintiffs therefore cannot prove that any misrepresentations or omissions proximally caused any constitutional deprivation to result from the PPH. And Plaintiffs' argument that the Temporary Orders remained effect after the PPH is wrong as a matter of Arizona law. *See Dep't of Child Safety v. Stocking-Tate in & for Cnty. of Yuma,* 446 P.3d 813, 819 (Ariz. App. 2019) (holding that when parents request a review of temporary custody at the PPH, the PPH order renders the ex parte order ineffective). See also Defendants' Trial Brief re: Preliminary Protective Hearing.

### d. Judgment on punitive damages claim

Plaintiffs have failed to introduce any evidence at all indicating that Defendants' conduct was "aggravated and outrageous" or "the action of a reprehensible character" as required to support a claim for punitive damages. *Linthicum v. Nationwide Life Ins*. Co., 723 P.2d 675, 680 (1986). Therefore, this Court should enter judgment as a matter of law against Plaintiffs on their punitive damages claim.

### III. Conclusion

Because the evidence incontrovertibly shows that Defendants did not make any material misrepresentations or omissions in the Dependency Petition or PPH report, Defendants request that the Court enter a judgment as a matter of law in their favor and against the Plaintiffs on their single claim. In the alternative, Defendants request that the Court enter a judgment as a matter of law that Plaintiffs may not claim damages for any alleged constitutional violations that occurred after October 17 because they have failed to demonstrate that anything prevented the Juvenile Court from exercising its independent judgment at the PPH and thus cutting off Defendants' liability. *See Suzuki v. Cnty. Of Contra Costa*. Defendants also request in the alternative that the Court enter judgment as a

6

matter of law that Plaintiffs are not entitled to punitive damages because they have presented no evidence of wanton and malicious conduct.

DATED this 30th day of April, 2024.

RUSING LOPEZ & LIZARDI, P.L.L.C.

*/s/ Patricia V. Waterkotte*
Michael J. Rusing
Patricia V. Waterkotte
Paige E. Scalf
Mark D. Lammers
*Attorneys for Defendants*
*Alyssa Depke and Lyssa Fregoso*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served this 30th day of April, 2024 via Notice of Electronic Filing, generated and transmitted by the ECF system of the District of Arizona, to the following CM/ECF registrants:

Michael Garth Moore
9040 North Placita Verde
Tucson, Arizona 85704
mike@mgmoorelaw.com

Larry J. Wulkan (021404)
Jennifer L. Allen (027941)
Alexis J. Eisa (021404)
ZWILLINGER WULKAN PLC
2020 N. Central Ave. Suite 675
Phoenix, Arizona 85004
Tel: 602-962-0089
larry.wulkan@zwfirm.com
jennifer.allen@zwfirm.com
alexis.eisa@zwfirm.com
*Trial Counsel for Plaintiffs*

By    */s/ Aneta Wrzeszcz*