Michael Garth Moore (023742)
6336 North Oracle Road Suite 326, No. 119
Tucson, Arizona 85704
Telephone: 520-437-9440
mike@mgmoorelaw.com

Larry J. Wulkan (021404)
Zwillinger Wulkan PLC
2020 N. Central Ave., Suite 675
Phoenix, Arizona 857004
Telephone: 5602-609-3800
larry.wulkan@zwfirm.com

*Trial Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Justin Stein, et al, | |
| Plaintiffs, | Case No. 4:20-cv-00102-JCH |
| vs. | **SUPPLEMENTAL DECLARATION OF MICHAEL GARTH MOORE** |
| Alyssa Depke, et al, | |
| Defendants. | |

I, Michael Garth Moore, pursuant to 28 U.S.C. §1746, make the following Declaration consistent with the Court's order (Doc. 332):

1. I keep my time in my Microsoft Office calendar. On the calendar, I record the activities I work on in each case. Because I do not invoice clients monthly on contingency fee cases, I do not prepare periodic time statements for the client during the pendency of the matter. If at the conclusion of the case I need to create a statement

1

of my time (for instance when I am applying for fees), I manually import my time from the calendar into a statement. This is the manner in which I created the statement of time included in Doc. 268-2;

2.  As to email traffic, I do not include the following in any statement as I do not seek reimbursement for: (1) brief emails without reply; (2) emails related to logistical or administrative matters; (3) emails where I am not a contributor but only copied. As to emails I do seek reimbursement for, I ascribe the following times: (.1) hours to a single email exchange of any substance; (.2) hours to exchanges and replies; (.3 - .4) hours to multiple emails exchanges in a single day, or exchanges which include substantive discussion of the case; (.5) very infrequently to multiple emails reflecting detailed reports to clients or others;

3.  As shown in the attached Exhibit A (time for Green), and Exhibit B (time for Reid), I was first retained by Ms. Green in connection with my work on all these matters;

4.  As with my other clients, I recorded all time separately for my representation of Ms. Green, the Reids, and the Steins, except for the preparation of the original complaint, drafting responses to the Defendants' Motions to Dismiss, and preparation for oral argument on the same. When I prepared my statement of fees related to my representation of the Steins, I recorded only that portion of the total time spent on their representation. This is reflected in Exhibit A, compared with the time included in the Stein matter. The same segregation of time is recorded in the Reid statement, Exhibit

B, reflecting preparation of responses to the Motions to Dismiss in December 2022 and oral argument;

5. My use of the word "excised" in the original Declaration was therefore, in some sense, inaccurate, because it was only in those few entries that I actually had to attribute a proportion of time to work that was originally documented in my calendar without segregating the clients. All other time in the calendar, and reflected in the Green and Reid matters, was documented individually for each case;

6. Ms. Green passed away and her claims were dismissed in July 2021. No work on that case followed. Also, Ms. Reid was Mark Evans's client, and he had almost all direct contact with her during the course of the representation. My work on the Reid case ended after the oral argument on the Defendants' Motion for Summary Judgment;

7. In preparing the materials to respond to the Court's Order, I discovered a two-month gap, from February 16, 2022, to April 16, 2022, in Doc. 268-2, with respect to the time I am seeking reimbursement for in connection with my representation of the Steins. Upon reviewing the time entries in my original records, it was clear that work had been done on Stein in those months, but because of a clerical error in preparation of the original statement, the time was omitted. That time totals 21.9 hours;

8. Further, review of my time records reveals that I did not account for any of the time associated with my research for, and drafting of, the First Amended Complaint and the Second Amended Complaint. This work was substantial and the omission an oversight on my part. I am not seeking reimbursement for that time, however;

9. Further, during April and May 2022, I spent considerable time preparing for mediation, including researching and drafting detailed mediation statements. I am not seeking reimbursement for any of this time, as I recorded it all in connection with my representation of the Reids, which is evident in Exhibit B statement;

10. I have invested 10.3 hours in responding to this Court's order (Doc. 332);

I swear, under penalty of perjury, that the foregoing is true and accurate to the best of my knowledge.

Respectfully Submitted this 13th day of May 2025.

*/s/ Michael Garth Moore*
Michael Garth Moore (023742)
6336 North Oracle Road Suite 326, No. 119
Tucson, Arizona 85704
Telephone: 520-437-9440
mike@mgmoorelaw.com

*Trail Counsel for Plaintiffs*

# CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing was filed through the Court's electronic filing system on May 13, 2025. Notice of this filing will be sent to all parties and counsel through the Court's filing system. Parties and counsel may access the filing through the Court's system.

> Respectfully submitted,
>
> */s/ Michael Garth Moore*
> 6336 North Oracle Road Suite 326, No. 119
> Tucson, Arizona 85704
> Telephone: 520-437-9440
> Email: mike@mgmoorelaw.com
>
> *Trial Counsel for Plaintiffs*

# Exhibit A

# STATEMENT OF TIME
## MICHAEL GARTH MOORE
## STEIN, ET AL. -V- DEPKE, ET AL.
## DEB GREEN MATTER

| Date | Reference | Time |
|---|---|---|
| 10/16/19 | Initial inquiry | 1.2 |
| 10/22/19 | Rec, rev materials fm DGreen, T/C DG | 7.2 |
| 12/23/19 | "                " | 1.9 |
| 10/21/19 | Continue work developing fact, prep demand Letter, med/psych issues review, research Removal, consent, DCS policies | 8.1 |
| 10/28/19 | Skype client | .8 |
| 10/31/19 | T/C DG, developments and revisions to Demand memo | 1.5 |
| 11/1/19 | T/C DG, further development facts | 1.1 |
| 11/5/19 | T/C DG, review dependency case | .5 |
| 12/21/19 | Research seizure in school | .5 |
| 1/28/20 | Rec, rev add'l DCS materials | .5 |
| 2/2/20 | Rec, rev add'l materials fm DG | 1.0 |
| 2/6/20 | To JSL office, meet DG, Reid, Steins<br>Stein 2.0 | 4.5 |
| 2/14/20 | Drafting complaint<br>Stein 2.7 | 5.4 |
| 2/16/20 | "                "<br>Stein 2.1 | 4.1 |
| 2/17/20 | "                "<br>Stein 2.6 | 3.5 |
| 2/20/20 | "                "<br>Stein 1.1 | 2.1 |
| 2/24/20 | Research add'l 4th amendment issues, (1.1); Drafting complaint (1.1) | 2.2 |
| 2/29/20 | Drafting complaint<br>Stein 1.3 | 3.2 |
| 3/2/20 | Drafting complaint<br>Stein 1.3 | 5.4 |
| 3/14/20 | Research Tinsley case | 4.1 |
| 3/24/20 | Exchanges DG re: status | .5 |
| 3/31/20 | "          " | .2 |
| 4/18/20 | T/C JSL re: DG case | .5 |
| 7/18/20 | Exchanges DG re: DCS latest actions | .5 |
| 8/23/20 | T/C JSL re: Second Amended Complaint and 12b6 motion | .7 |
| 8/24/20 | Rec, rev TPD reports on DG | 1.0 |
| 8/31/20 | T/C DG re: add'l potential claims | .8 |
| 9/18/20 | T/C expert TTurner re: VSP, etc | 1.1 |
| 9/21/20 | Exchanges DG re: issues; email DDegrazia re: DCS practices | .6 |
| 10/1/20 | Research and writing MC MTD<br>Stein 5.0 | 7.9 |

| | | |
|---|---|---|
| 10/2/20 | " " <br> Stein 3.0 | 5.1 |
| 10/20/20 | Zoom JSL re: status DG | .8 |
| 1/26/21 | Emails re: developing experts | .3 |
| 2/5/21 | FOIA Maricopa Cty SD records re: Missing person DG | .4 |
| 2/22/21 | Research removals, fwd JSL w/comments | .6 |
| 5/4/21 | Exchanges re: DG's passing | .1 |
| 6/8/21 | Correspondence re: DG passing | .3 |
| 7/28/21 | Research, Drafting, approval stipulation re: Dismissal of DG claims | 1.0 |
| | **TOTAL TIME** | **81.2** |

# Exhibit B

# STATEMENT OF TIME
# MICHAEL GARTH MOORE
# STEIN, ET AL. -V- DEPKE, ET AL.
# GRACE REID MATTER
# MAY 9, 2025

| DATE | REFERENCE | TIME |
|---|---|---|
| 9/6/21 | T/C GR/JSL re: DCS report and upcoming Dependency hearing | 1.0 |
| 10/6/21 | Report JSL/M.Evans re: status and discovery | .5 |
| 10/8/21 | T/C JSL/MEvans re: discovery strategy | 1.0 |
| 3/1/22 | T/C GR/ME re: case status, from here | 2.1 |
| 3/22/22 | Rec, rev. Doc. 51, order re: M.Evans Withdrawal and K Graff issues | .3 |
| 3/23/22 | Prep and hearing re: release of DCS Dependency materials, review ME Doc. 54 | .4 |
| 3/24/22 | Rec, rev Order Doc. 55 | n/c |
| 3/25/22 | Approve amended motion re: release docs | .1 |
| 3/31/22 | Rec Order Doc. 57, and directions to clients | n/c |
| 4/1/22 | Report to clients re: mediation | n/c |
| 4/11/22 | Rec, rev Order Doc. 59, exchanges Λ Counsel re: same | .2 |
| 4/12/22 | Review file, drafting mediation memo, Report client | 4.0 |
| 4/13/22 | Continue drafting, queries RBecker Re: DCS practice VSP, f/u exchanges | .5 |
| 4/14/22 | Continue drafting Reid mediation memo | 3.5 |
| 4/15/22 | Fwd mediation statement to JSL/ME With comments, queries | .2 |
| 4/28/22 | Draft and send letter to Λ counsel re: Discussion of plaintiffs' position in Upcoming mediation | .5 |
| 5/5/22 | Exchanges Λ counsel re: mediation, Kelly Graff issues | .3 |
| 5/16/22 | Exchanges TJ re: GR child Aces docs | .2 |
| 5/19/22 | Rec, rev NWFD PRR response, query client | .2 |
| 6/2/22 | Review filing protective order docs | .3 |
| 6/3/22 | NOD's Krumm and DCS 30b6 | .2 |
| 8/4/22 | Rec, rev TJ report on DCS training Documents, for depo prep | .5 |
| 8/17/22 | Review Jerger decision and report to JSL re: QI issues | .4 |
| 8/23/22 | Rec, rev Λ discovery requests (.3); prep For defense depos, queries GR and Λ counsel | 2.1 |

| Date | Description | Hours |
|---|---|---|
| 8/26/22 | Exchanges re: defense depos | n/c |
| 9/2/22 | Continue prep of DCS, discussion LW Re: dependency petition worksheet | .9 |
| 9/6/22 | Exchanges Λ counsel re: their request for dependency counsel files | .3 |
| 9/7/22 | Rec, rev Marana PD file, photos | 1.1 |
| 9/12/22 | Meet GR, depo prep | 2.0 |
| 9/13/22 | Memo re: depo testimony (.4); exchanges Λ counsel re: discovery issues (.3); prep and File motion Doc. 70 (.2 | .9 |
| 9/20/22 | drafting DR responses | 2.5 |
| 9/21/22 | Rec, rev child medicals | 1.0 |
| 9/26/22 | Prep for Hanson depo (1.0); to R&L, Depo GR (6.0); Hanson depo (1.7) | 8.7 |
| 10/1/22 | Meet, prep GR for depo | .7 |
| 10/3/22 | Continuation GR depo, R&L | 3.2 |
| 10/25/22 | Staffing cases with LW. f/u email re: Issues | .7 |
| 12/22/22 | Rec, rev Λ MSJ, preparation Reid CSODF | 2.1 |
| 12/26/22 | Notate Krumm depo | 1.8 |
| 12/27/22 | Workup COSF Stein: 3.6 | 7.3 |
| 12/28/22 | Cont prep Reid CSOF (4.8); notation Ross-Mount depo (,8) | 5.6 |
| 12/29/22 | Complete Reid CSOF | 3.8 |
| 1/13/22 | Email JAllen re: MSJ strategy | .3 |
| 1 24 22 | Rec, rev and further edits on Reid MC MSJ, exchanges JA re: same | 1.2 |
| 3/9/23 | Rec, rev Λ Doc. 101 and 103, conference LW re: response (.5); continue research into Λ filing, draft and fwd plaintiff position to Λ counsel (1.0) | 1.5 |
| 3/10/23-3/15/23 | Further research into issue, exchanges Λ Counsel re: same, rec, rev Λ motion Doc. 104 and stipulate | 1.5 |
| 3/20/23 | Rec, rev Reid Λ amended Reply MSJ | .5 |
| 3/30/23 | Rec, rev Δ disclosure Marana PD file | .2 |
| 7/25/23 | Research as to burden on MSJ of party Having burden of proof, report to LW | 2.0 |
| 7/26/23 | "         " | 1.0 |
| 8/11/23 | Prep for oral argument MSJ Stein: 5.5 | 6.8 |
| | **TOTAL TIME** | **76.1** |