Michael Garth Moore (023742)
6336 North Oracle Road Suite 326, No. 119
Tucson, Arizona 85704
Telephone: 520-437-9440
mike@mgmoorelaw.com

Larry J. Wulkan (021404)
Zwillinger Wulkan PLC
2020 N. Central Ave., Suite 675
Phoenix, Arizona 857004
Telephone: 5602-609-3800
larry.wulkan@zwfirm.com

*Trial Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Justin Stein, et al, <br><br> Plaintiffs, <br> vs. <br><br> Alyssa Depke, et al, <br><br> Defendants. | Case No.: 4:20-cv-00102-JCH <br><br> **MOTION FOR ASSESMENT OF PREJUDGMENT INTEREST** |

Plaintiffs move the Court for an order assessing prejudgment interest on the compensatory damages awards following the jury award and acceptance of remittitur.

As this Court noted, on October 14, 2019, a "juvenile court, based upon the verified allegations in the petition, issued Temporary Orders giving DCS physical and legal custody of CS. Three days later, the juvenile court held a temporary custody hearing, where it received evidence and testimony, including the Steins' testimony. Following the hearing, the juvenile court ordered physical custody of CS be returned to the Steins immediately." Doc. 239 at 2:7-14 (cleaned up). Yet, "DCS retained legal custody" of CS "until January 2, 2020, when the juvenile court dismissed the dependency action. A jury trial occurred from April 22 to May 3, 2024." *Id*. In their First Amended Complaint, the

Steins sought interest on any judgment. Doc. 7 at 37:11. After trial, the jury awarded Justin $312,000.00 in compensatory damages and Jacqueline $184,800.00 in compensatory damages. Doc. 244. Following a remittitur, CS's damages total $30,000.00. Doc. 330. Thus, it is now appropriate for the Court to assess prejudgment interest.

The award of prejudgment interest "is an element of compensation, not a penalty" to the opposing party. *Barnard v. Theobald*, 721 F.3d 1069, 1078 (9th Cir. 2013). The purpose of awarding prejudgment interest is to make the plaintiff whole and the essential rationale for awarding prejudgment interest is to ensure that the injured party is fully compensated for its loss. *City of Milwaukee v. Cement Div., National Gypsum Co.*, 515 U.S. 189, 195 (1995). This is not limited to economic damages but rather includes compensation "to redress pain and suffering." *Barnard*, 721 F.3d at 1078.

In determining whether to award prejudgment interest, the court considers the principles of fairness, awards necessary to make the wronged party whole. *U.S. v. California State Bd. of Equalization*, 650 F.2d 1127, 1132 (9th Cir. 1981). This case was brought pursuant to 42 U.S.C. § 1983, and the statute's purpose should be considered when determining whether to award prejudgment interest. *See Golden State Transit Corp. v. City of Los Angeles*, 773 F.Supp. 204, 208 (C.D. Cal. 1991) (citing *Rodgers v. United States*, 332 U.S. 371, 373 (1947)) ("When a federal statute is silent as to prejudgment interest, the Court should fashion a federal rule which grants or denies prejudgment interest based on the congressional purpose of the particular statute."). Although § 1983 is silent as to prejudgment interest, the purpose of the remedial scheme "is to fully compensate individuals for harm suffered as a result of a constitutional violation." *Rao v. New York City Health and Hospitals Corp.*, 882 F.Supp. 321, 326 (S.D. N.Y. 1995). Courts have found that an award of prejudgment interest is "a necessary component of any award intended to make a plaintiff whole, because it compensates a plaintiff for delay in the receipt of relief" and "is generally appropriate in

2

§ 1983 actions." *Id. See also Golden State Transit Corp. v. City of Los Angeles*, 773 F.Supp. 204, 219-20 (C.D. Cal. 1991) (finding prejudgment interest was available in § 1983); *Herrington v. County of Sonoma*, 790 F.Supp. 909, 924-25 (N.D. Cal. 1991) (same); *Ruff v. County of Kings*, 2009 WL 4572782, at *1-4 (E.D. Cal. Nov. 30, 2009) (awarding prejudgment interest beginning on date § 1983 claim accrued); *South Coast Cab Co., Inc. v. City of Anaheim,* 2007 WL 9723540, at *4 (C.D. Cal. Jan. 22, 2007) (awarding prejudgment interest in § 1983 action from the date plaintiff's injury ended, which was several years before the verdict but after filing of complaint); *Pucci v. Somers*, 834 F.Supp.2d 690, 705 (E.D. Mich. 2011) (awarding prejudgment interest in § 1983 action).

Here, the Steins should be awarded prejudgment interest. Their injuries accrued on October 14, 2019 – nearly six (6) years ago. The years-long delay in obtaining an award is a consideration that supports an award of prejudgment interest. Judgment was obtained only after overcoming the assortment of defenses set up by Defendant from the commencement of the case through and *after* the trial, a strategy that substantially delayed the proceedings. The family has lost the use of that money, money that would have gone to the provision of additional services for CS and would have improved the quality of his life. Finally, awarding prejudgment interest here would fulfill the statutory and common law purpose of fully compensating an injured party. And the award would not amount to a penalty because it merely accounts for the total injury the Steins endured in the interests of fairness, and ensures that the Steins are made whole for the full measure of their loss.

Prejudgment interest, as a means of compensation, "recognizes that the injured party was injured at the moment the cause of action accrued, and that the injured party is entitled to be made whole as of that moment." *Reyes-Mata v. IBP, Inc.*, 299 F.3d 504, 507 (5th Cir. 2002); *see also Barnett v. Sea Land Service, Inc.*, 875 F.2d 741, 747 (9th Cir. 1989) ("We do not believe that it was an abuse of discretion for the district court to

order that all prejudgment interest calculations were to commence at the time of the injury.").

In *Golden State Transit Corp.*, a taxicab franchise filed suit against the City of Los Angeles, in 1981, after the City interjected itself into a labor dispute between the franchise and its drivers. 773 F.Supp. at 206. The litigation did not reach a jury verdict and final order until 1991 in favor of the franchise for its claims arising under § 1983 against the city for various constitutional violations. *Id.* Even though the city argued that prejudgment interest should begin to accrue in 1986, on the date liability was *established* in the litigation, the court held that prejudgment interest "should start to accrue from the time that the City had notice of its wrong" and therefore ordered the accrual date for the prejudgment interest in 1981. *Id.* at 220.

Here, Defendant's judicial deception caused a constitutional deprivation and damages beginning on October 14, 2019. Defendants knew of their judicial deception at this time and were put on notice of its repercussions when the *ex parte* Order was entered. Therefore, similar to *Golden State Transit Corp.*, the prejudgment interest should begin to accrue when the initial order was entered because all parties had notice of the Defendants' wrongs that led to CS's removal and the subsequent years-long litigation.

Moreover, the accrual of prejudgment interest on October 14, 2019, will not amount to a penalty, but rather will be a means to fully compensate the Steins from the date of their substantial injury. The Steins had to expend a substantial amount of time, energy, money, and emotion in ensuring their reunification after CS was judicially separated from his parents. Thereafter, Defendant continued to rigorously defend their position despite the knowledge of her judicial deception which resulted in an extraordinary award of punitive damages. The Steins filed a lawsuit to be compensated from the date of the initial injury, which includes prejudgment interest from the final judgment to account for the amount of time between injury and relief.

Pursuant to 28 U.S.C. § 1961, "interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." §1961(a). That interest is computed on a daily basis and compounded annually. §1961(b). Even though 28 U.S.C. § 1961(a) governs post-judgment interest, the Ninth Circuit has held "that this rate shall also be used to calculate prejudgment interest unless the equities of a particular case demand a different rate." *In re Bloom*, 875 F.2d 224, 228 (9th Cir. 1989) (citing *Columbia Brick Works, Inc. v. Royal Ins. Co.*, 768 F.2d 1066, 1071 (9th Cir.1985)).

Plaintiffs, therefore, request that this Court find they are due prejudgment interest, and that the Court enter an order so ruling.

RESPECTFULLY SUBMITTED this 13th day of May, 2025.

*/s/ Michael Garth Moore*
Michael Garth Moore
6336 North Oracle Road Suite 326, No. 119
Tucson, Arizona 85704
Telephone: 520-437-9440
mike@mgmoorelaw.com

*/s/ Larry J. Wulkan*
Larry J. Wulkan
Zwillinger Wulkan PLC
2020 N. Central Ave., Suite 675
Phoenix, Arizona 857004
Telephone: 5602-609-3800
larry.wulkan@zwfirm.com

*Trial Attorneys for Plaintiffs*

*/s/ Mark E. Evans*
Mark E. Evans
Evans Law PLLC
177 N Church Ave #200
Tucson, AZ 85701
Telephone: 520-618-6944
mark@evanslawtucson.com

*Of Counsel for Plaintiff Grace Reid*

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing was filed through the Court's electronic filing system on May 13, 2025. Notice of this filing will be sent to all parties and counsel through the Court's filing system. Parties and counsel may access the filing through the Court's system.

*/s/ Stephanie Dolfini*

6