**Rusing Lopez & Lizardi, P.L.L.C.**
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800
Facsimile: (520) 529-4262
mrusing@rllaz.com
pwaterkotte@rllaz.com
mdlammers@rllaz.com

Michael J. Rusing
State Bar No. 006617
Patricia V. Waterkotte
State Bar No. 02923
Mark D. Lammers
State Bar No. 010335

*Attorneys for Defendant Lyssa Fregoso*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Justin Stein, et al., | NO. 4:20-cv-00102-JCH |
| Plaintiffs, | |
| vs. | **DEFENDANT'S MOTION FOR LEAVE TO FILE UNREDACTED VERSION OF ECF 349 UNDER SEAL** |
| Alyssa Depke, et al., | |
| Defendants. | (Assigned to Hon. John C. Hinderaker) |

Pursuant to LRCiv 5.6, Defendant Lyssa Fregoso requests leave to file an unredacted version of ECF Doc. 349 and its Exhibit A under seal because they contain Defendant's settlement offers and authority during this litigation and confidential settlement discussions that took place during a settlement conference with a magistrate judge or the Ninth Circuit Mediation Program and are subject to LRCiv 83.10(b) and Ninth Circuit Rule 33-1(c).

During the May 19, 2025 hearing, the Court requested Defendant provide a brief summary of settlement negotiations. However, the State would be harmed if the settlement negotiations conducted in the District Court settlement conference and Ninth Circuit Mediation Program were made public record. At present, Plaintiffs are not permitted to disclose those

settlement offers pursuant to the rules of those settlement conferences/mediation program. If the settlement offers are publicly filed, then other Plaintiffs' attorneys who bring claims against the State will improperly use that information in negotiations against the State.

Thus, in order to maintain confidentiality and the integrity of the settlement/mediation process and to comply with LRCiv 83.10(b) and Ninth Circuit Rule 33-1(c), Defendant has filed a redacted summary of settlement/mediation discussions in her Response to Plaintiffs' Third Motion for Attorneys' Fees (Doc. 349) and has lodged an unredacted version herewith.

A party seeking to seal a judicial record bears the burden of overcoming the presumption of the public's right to inspect judicial documents by meeting the "good cause" standard if the record is a non-dispositive pleading. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *see also Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (despite preference for public access to records, the Ninth Circuit has "carved out an exception," for sealed materials attached to motions unrelated to the merits of the case (internal citations and quotations omitted)). The record Defendant seeks to have filed under seal is attached to a non-dispositive motion that is unrelated to the merits of the case and good cause exists to file it under seal because (1) the redacted portions contain settlement/mediation negotiations; and (2) this Court's Local Rules and the Ninth Circuit rules require that those negotiations remain confidential. Because only small portions with the monetary amounts will be restricted from public view, this proposal minimizes any intrusion on the public's right to inspect judicial records while also respecting the confidentiality of negotiations.

First, this Court has authority to order the sealing of Defendant's unredacted version of Doc. 349 so as not to place Defendant's settlement offers into the public record where they could be the subject of misuse. *See, e.g.*, *Celgard, LLC v. Targray Tech. Int'l Inc.*, No. 19-CV-02401-VKD, 2019 WL 3841997, at *2 (N.D. Cal. Aug. 15, 2019) (finding compelling reasons favored sealing portions of records that revealed the parties' confidential settlement communications);

2

*Universal Stabilization Technologies, Inc. v. Advanced BioNutrition Corp.*, 2018 WL 9538258, at *2 (S.D. Cal. 2018) (granting leave to file unredacted settlement communications under seal); *Microsoft Corp. v. Motorola, Inc.*, No. C10-1823 JLR, 2012 WL 5476846, at *2 (W.D. Wash. Nov. 12, 2012) (granting motion to seal settlement negotiations).

Second, LRCiv 83.10(b) requires that all participants in a settlement conference "must maintain the confidentiality of the proceedings." Similarly, Ninth Circuit Rule 33-1(c)(4) requires that any person who participated in the Ninth Circuit Mediation Program "maintain the confidentiality of the settlement process," and those confidentiality provisions apply to "any communication made at any time in the Ninth Circuit mediation process, including all telephone conferences," and prohibits the disclosure of "[a]ny written or oral communication made by a Circuit Mediator, any party, attorney, or other participant in the settlement discussions." None of the exceptions under Ninth Circuit Rule 33-1(c)(4)(A) or (B) apply. Therefore, the settlement and mediation discussions described in Defendant's Response to Plaintiffs' Third Motion for Attorneys' Fees Ex. A must be filed under seal to maintain confidentiality and to comply with the Local Rules and the Ninth Circuit Rules.

Plaintiffs oppose Defendant's request to file the confidential settlement/mediation information under seal.

For the foregoing reasons, Defendant respectfully requests the Court order the unredacted documents lodged herewith be filed under seal. A proposed order is submitted herewith.

DATED this 10th day of June 2025.

                                  RUSING LOPEZ & LIZARDI, P.L.L.C.

                                  ***/s/ Patricia V. Waterkotte***
                                  Michael J. Rusing
                                  Patricia V. Waterkotte
                                  Mark D. Lammers
                                  *Attorneys for Defendant Lyssa Fregoso*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served this 10th day of June, 2025 via Notice of Electronic Filing, generated and transmitted by the ECF system of the District of Arizona, to the following CM/ECF registrants:

Michael Garth Moore
9040 North Placita Verde
Tucson, Arizona 85704
mike@mgmoorelaw.com

Larry J. Wulkan (021404)
Jennifer L. Allen (027941)
Alexis J. Eisa (021404)
ZWILLINGER WULKAN PLC
2020 N. Central Ave. Suite 675
Phoenix, Arizona 85004
Tel: 602-962-0089
larry.wulkan@zwfirm.com
jennifer.allen@zwfirm.com
alexis.eisa@zwfirm.com

*Trial Counsel for Plaintiffs*

  By   */s/ Aneta Wrzeszcz*
Motion for leave to file under seal(63659231.2)

**Rusing Lopez & Lizardi, P.L.L.C.**
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800